## BLOOM, Petitioner, v. WILDE, Respondent.

Common Pleas Court, Greene County.

No. 26634.  Decided September 13, 1950.

### OPINION

By JOHNSON, J.

This matter came on to be heard upon an application filed by Marian F. Bloom for a writ of habeas corpus, claiming that Winifred Wilde was unlawfully withholding from her the custody of two children, to wit: Patricia Ann Skilling and Thomas Giles Skilling, they being the children of Winifred Wilde by another husband.  As grounds for the writ of habeas corpus, the petitioner claims that she was awarded the custody of these two children by the U. S. District Court in Washington, D. C. on an application for a writ of habeas corpus.  Before that order was made, Winifred Wilde, then Winifred Skilling, had obtained a decree of divorce in Tompkins County, New York, on February 3, 1942, at which time she was given the custody of the two children.  The custody of the children was not granted to Marian Skilling.  The entry simply said that:

"said children may be left in the house of the said Marian Skilling of Washington, D. C.,"

and the custody has always been in the defendant, Winifred Wilde.

The decree in part read as follows:

"And it is further ordered, adjudged and decreed that upon this judgment becoming final the defendant be and she hereby is given the sole, **absolute, exclusive** and continuous custody of Patricia Ann Skilling and Thomas Giles Skilling, the infant children of the parties hereto, subject to the provision that until such time as the defendant (now Winifred Wilde) herein is able suitably to maintain said children either with or without the assistance of the plaintiff herein, the said children may be left in the house of the said Marian Skilling of Washington, D. C., pending any further order of this Court."

That interlocutory and final judgment of divorce was amended later on as follows:

"It appearing to the satisfaction of the court that Winifred Wilde, formerly Winifred Skilling, is able suitably to maintain her children, Patricia Ann Skilling and Thomas Giles Skilling, as shown by the affidavit of Winifred Wilde, sworn to January 17, 1944, and after reading and filing said affidavit, it is

"Ordered that the Interlocutory Judgment of Absolute Divorce granted by Hon. Riley H. Heath, Justice, on January 24, 1942, entered in the office of the Tompkins County Clerk on February 3, 1942, be and the same hereby is amended so that Winifred Wilde, formerly Winifred Skilling, is found to be able suitably to maintain Patricia Ann Skilling and Thomas Giles Skilling, the infant children of the parties to this action; and it is further

"Ordered that the defendant shall have the exclusive, sole, absolute and continuous custody of Patricia Ann Skilling and Thomas Giles Skilling, and is entitled to have said children delivered to her forthwith by Marian F. Skilling of Washington, D. C., with whom said children were placed temporarily."

In the opinion of this court, Judge Goldsborough, who heard the application for a writ of habeas corpus filed by Winifred Wilde, was bound by the decision of the New York Court. He could not change that in a collateral proceeding such as on an application for a writ of habeas corpus. If Marian F. Bloom wanted the order of the New York Court changed, she would have to file an application with the New York Court to change it, and until the decision of the New York Court is changed it binds every other court before whom the matter is heard. In the opinion of this court, Judge Goldsborough

was without any jurisdiction or authority to award custody in a habeas corpus proceeding. The only thing you can determine in a habeas corpus proceeding is whether or not the person making the application is unlawfully restrained of his liberty or the person for whom the application is filed is being held by someone other than the person entitled to hold him. Judge Goldsborough had absolutely no authority to grant custody of the children. That had been determined by the New York Court, and he was bound by it. Therefore, in the opinion of this court, his judgment so far as it awarded custody is absolutely void and without any authority in law. Therefore, the application for a writ of habeas corpus will be denied.